## OHIO SUPREME COURT—Continued

### No. 462

HIRSCH v. CONN, Supt., Ins.

No. 19759. Supreme Court

Petition in Error. Dock. April 7, 1926.

Harry L. Conn, Superintendent of Insurance, obtained judgment against Nathan C. Hirsch in Franklin Appeals by virtue of which the affairs of Great American Life Ins. Co. were turned over to said Superintendent to manage. The bases for the judgment were insolvency, and filing of false reports with the department.

The petition alleges the following errors in the proceeding:

1. That said Court of Appeals erred in over-ruling the demurrer to said petition, to which action of the court said plaintiff duly excepted.

2. That said judgment of the Court of Appeals should have been for the plaintiff-in-error and against the defendant-in-error.

3. That the petition filed by the defendant-in-error in the Court of Appeals should have been dismissed.

4. That the demurrer to said petition should be sustained.

5. For other errors apparent upon the inspection of the record and which were prejudicial to plaintiff-in-error.

A reversal of the judgment is sought in this proceeding.

Attorneys—B. F. Levinson and R. E. Bothwell for Hirsch; C. C. Crabbe and C. S. Younger, for Supt.; all of Columbus.

### No. 463

PHILLIPS et v. ZIMET

No. 19793. Supreme Court

On motion to certify. Dock. May 5, 1926.

297. CONTRACTS—Where an indemnity clause in a contract has been breached, may the suffering party maintain an action thereunder for indemnity, after a judgment has been rendered in favor of a third party against the indemnitee, but before the judgment has been paid?

Sadie Zimet brought this action originally in Cleveland Municipal Court against Rose Phillips and Jacob Phillips for damages for breach of an indemnity clause contained in a contract.

Rose Phillips and Zimet entered into a contract for sale and purchase of a piece of property in which contract the following stipulation was contained:

"It is understood that the Purchaser shall save the Seller harmless from the payment of any commission or compensation arising out of the sale of said premises."

Zimet was the Seller and Phillips the Purchaser.

After the transaction was closed and Rose Phillips became the owner of the property but before a deed had been given, two brokers filed suit against Zimet for commissions on the sale of the property and both recovered judgment.

Zimet thereupon brought this action in the Municipal Court where judgment was rendered in her favor for a sum equal to the two judgments. This judgment was sustained by the Common Pleas Court.

Phillips in the Supreme Court contends:

1. That Jacob Phillips was not a party to this written contract but was acting as agent for Rose Phillips and that he should have been dismissed as party defendant after it was disclosed by the evidence that he had no part in signing the contract.

2. As the action is based upon a contract of indemnity Zimet is not entitled to recover until the judgments rendered against her have been satisfied.

3. That Zimet defrauded her by representing that the brokers who recovered judgments had nothing to do with the sale and later admitted that their claim was well founded.

4. That the court failed to make separate findings of law and facts as requested.

5. That no double liability existed because only one broker could have been responsible for the sale.

6. That she has been denied the equal protection of the law.

Attorneys—M. J. Monahen and S. H. Miller for Phillips; W. W. Rosenzweig for Zimet; all of Cleveland.